IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO BOYD, | : | |
| Petitioner, | : | 1:20-cv-1606 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN SPAULDING, | : | |
| Respondent. | : | |

## MEMORANDUM

### January 27, 2021

Petitioner Antonio Boyd ("Boyd") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on September 4, 2020, challenging his sentence entered in the United States District Court for the Middle District of Florida, Tampa Division, on September 1, 2010. *U.S.A. v. Boyd,* 8:09-cr-0277, Doc. 67, https://ecf.flmd.uscourts.gov. The Court has conducted preliminary review and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction. *See* R. GOVERNING § 2254 CASES R. 4, 1(b).[1]

## I.    BACKGROUND

On September 2, 2011, Boyd filed his first motion to vacate, set aside, or

---

[1] **Error! Main Document Only.**Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* R. Governing § 2254 Cases R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at R.1(b).

correct sentence pursuant to 28 U.S.C. § 2255, in the United States District Court
for the Middle District of Florida. *U.S.A. v. Boyd,* 8:09-cr-0277, Doc 83.[2]  The
court denied the motion on September 26, 2011.  *Id*. at Doc. 84.  He took no
further action.

In 2016, he filed an application with the United States Court of Appeals for
the Eleventh Circuit to file a second or successive § 2255 motion to vacate, set
aside or correct his sentence.  *Id.* at Doc. 96.  He asserted that "his ACCA-
enhanced sentence for possession of a firearm by a convicted felon under 18
U.S.C. § 922(g)(1) must be set aside in light of *Johnson v. United States*, 576 U.S.
___, 135 S.Ct. 2551, 192 L. Ed 2d 569 (2015), in which the Supreme Court held
that the residual clause of the violent felony definition in the Armed Career
Criminal Act ("ACCA"). 18 U.S.C. § 924(e), is unconstitutional and that imposing
an increased sentence under that provision violates due process, and *Welch v.
United States,* 578 U.S. ___, 136 S.Ct. 1257, ___ L. E.D.2d ___ (2016), in which
the Supreme Court declared Johnson to be retroactive to cases on collateral
review." *Id.* at Doc. 96, p. 3.  He argued that, given the Supreme Court's holdings,
his sentence was wrongfully enhanced.  *Id.*  The Eleventh Circuit denied the
application finding that "[b]ecause at least three of Boyd's ACCA predicate

---

[2] https://ecf.flmd.uscourts.gov.

felonies were qualified as serious drug offenses, Boyd has not made a prima facie showing that he would benefit from Johnson and has not raised a claim that meets the statutory criteria." *Id.* at Doc. 96, p. 5.

He filed another § 2255 motion on June 24, 2016,. *Id.* at Doc. 97. He then filed an application in the Eleventh Circuit seeking an order authorizing the district court to consider the second or successive petition, contending that the court's denial of his previous application was erroneous because two of his four drug offenses do not qualify as serious drug offenses and that he is not eligible for an ACCA-enhanced sentence because none of his remaining prior convictions qualify as violent felonies. *Id.* at Doc. 100, p. 3. The Eleventh Circuit again concluded that because Boyd has three valid ACCA predicate offenses, regardless of the residual clauses, he has failed to make a prima facie showing that he is entitled to relief under *Johnson*. *Id.* at p. 7. The district court then entered an order dismissing the § 2255 motion based on the Eleventh Circuit's denial of his request to file a successive motion. *Id.* at Doc. 101.

In September 2016, the Eleventh Circuit entertained Boyd's third application seeking an order authorizing the district court to consider Boyd's second or successive § 2255 petition raising substantially the same claim. *Id.* at Doc. 102. The court concluded that because it previously denied Boyd's *Johnson* claim on

3

the merits, his subsequent challenge was barred by 28 U.S.C. § 2244(b)(1), which provides that a claim presented in a second or successive habeas corpus allocation shall be dismissed, and is applicable to applications to file a second or successive § 2255 motion. *Id.* at p. 5, citing *In re Baptiste*, No. 16-13959, ___ F.3d ___, 2016 WL 3752118, *2 (11th Cir. July 13, 2016).

On November 14, 2016, the Eleventh Circuit dismissed for lack of jurisdiction Boyd's fourth application seeking an order authorizing the district court to consider Boyd's second or successive § 2255 petition raising substantially the same claim made in prior applications. *Id.* at Doc. 103. The court reasoned that the claim Boyd raised had already been rejected on the merits and noted that his "additional reliance on *United States v. Shannon*, 631 F.3d 1187 (11th Cir. 2011) and *United States v. Clarke*, 822 F.3d 1213 (11th Cir. 2016), do not provide him an avenue of relief." *Id.* at Doc. 103, p. 3, n.1.

On June 29, 2020, he filed another § 2255 motion in the district court seeking relief under *Rehaif v. United States*, ––– U.S. –––, 139 S. Ct. 2191 (2019). *Id.* at Doc. 105. He amended the motion on September 25, 2020, challenging the voluntariness of his plea and again raising his ACCA designation and asserting that a possession of cocaine conviction should not have been used as a prior predicate offense and that the government erroneously relied upon his cannabis conviction,

4

which is a misdemeanor under Florida law.  *Id.* at Doc. 111.  On December 4, 2020, the district court dismissed the motions based on his failure to obtain permission form the Eleventh Circuit to file a second or successive § 2255 petition. *Id.* at Doc. 112.  He filed the instant § 2241 petition raising the same grounds set forth in this § 2255 motion, as amended.

## II.   DISCUSSION

Petitioner files the instant petition stating "[w]ith all due respect, the 11th Cir. Courts are known for blockading judicial relief….  I tried to get both the District Court and the 11th Cir. Court of Appeals to issue a certificate of appeal centered on the two drug offenses used so [sic] predicates to enhance my sentence and was denied."  (Doc. 1, p. 5).  Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.  *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997).  A petitioner may only resort to a § 2241 petition in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective.  *See* 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-52.  The remedy is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

5

"Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review.  [*United States v.*] *Tyler*, 732 F.3d [241] at 246 [(3d Cir. 2013)] (quoting *Dorsainvil*, 119 F.3d at 252).  Boyd has not alleged actual innocence based on a change in statutory interpretation by the Supreme Court, made retroactive in cases on collateral review.  Second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255."  *Id.*  Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).  There is no indication, at least at this juncture, that Boyd is barred from challenging the legality of his conviction under § 2255.  Although the district court recently dismissed his § 2255 petition in which he raised the grounds he raises here, the dismissal was based on Boyd's failure to seek authorization from the Eleventh Circuit to file a successive § 2255 petition.  There is nothing prohibiting Boyd

6

from seeking such authorization.

The remedy afforded under § 2241 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. *See id.* at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251).

Boyd fails to demonstrate that he falls within the exception initially recognized in *Dorsainvil*, 119 F.3d 245 and reaffirmed in *Bruce*, 868 F.3d 170 (2017). If a petitioner improperly challenges a federal conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1154, 1165 (3d Cir. 1971).

## III.   CONCLUSION

For the reasons set forth above, the Court will dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.

A separate Order will enter.